Memorandum.
The Trial Judge, hearing the charge that defendant had sold an obscene book (former Penal Law, § 1141), found that the book fell short of being ‘ ‘ hard-core pornography ’ ’, but that it was obscene by the less rigid standards laid down in Mishkin v. New York (383 U. S. 502) and accordingly defendant was found guilty.
A prosecution for violation of section 1141 of the former Penal Law is controlled by People v. Richmond County News (9 N Y 2d 578) which measured obscenity in printed material by the test of ‘ ‘ hard-core pornography ’ ’. The finding by the Trial Judge was based on his fact valuation of the offending book. Hence the decision amounted to an acquittal which the Appellate Term could not undo by holding that the book was also obscene by the more exacting standard of Richmond County News *640 (People v. Marra, 13 N Y 2d 18). This is conceded with commendable candor by the District Attorney who agrees with appellant there should be a reversal.
The judgment of the Appellate Term should be reversed and the information dismissed.
Concur: Chief Judge Fuld and Judges Bergan, Breitel and Gibson. Judges Burke, Scileppi and Jasen on constraint of People v. Richmond County News (9 N Y 2d 578) and Larkin v. Putnam’s Sons (14 N Y 2d 399).
Judgment reversed, etc.